IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **09-cv-2044-AP**

**CHRISTOPHER M. BELO,**

       Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

       Defendant.

---

## ORDER OF DISMISSAL

Kane, J.

On November 24, 2009, this court entered an Order to Show Cause asking plaintiff to show cause in writing why his case should not be dismissed as having been untimely filed. Plaintiff has not responded to the Order to Show Cause, or to Defendant's Motion to Dismiss (doc. #8), filed October 21, 2009.

Plaintiff, Christopher Belo, filed his Complaint *pro se*, seeking judicial review of the administrative law judge's decision denying his claim for social security disability benefits. Plaintiff appears to have exhausted his administrative remedies, attaching to his Complaint a copy of a June 17, 2009 letter from the Social Security Administration, entitled "Notice of Appeals Council Action," denying his appeal from the ALJ's decision. Because Plaintiff filed his Complaint more than 65 days after the date of the Notice, however, the action in this court appears to be time-barred.

Judicial review of final agency decisions on social security disability benefits claims under Title II or Title XVI of the Social Security Act is provided for and exclusively limited by Sections 205(g) and (h) of the Act, which are codified at 42 U.S.C. § 205(g) and (h). Section 205(g) allows

individuals to obtain review of an adverse final decision of the Social Security Administration by commencing a civil action "within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."  The time allowed for receipt by mail is five days, unless a reasonable showing to the contrary is made to the Social Security Administration's Appeals Council.  20 C.F.R. § § 405.901 and 422.210(c).  It does not appear Mr. Belo made or attempted to make such a showing to the Appeals Council, so his Complaint, as a matter of law, was required to have been filed 65 days after June 17, 2009, or, August 21, 2009.  Mr. Belo's action was filed August 24, 2009.

"The congressional purpose, plainly evidenced in section 205(g), [is to] impose a 60 day limitation upon judicial review of the Commissioner's final decision . . . ." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The right to review is, by its nature, a waiver by Congress of the United States' otherwise complete and sovereign immunity to actions for monetary relief and conditions on the waiver of sovereign immunity must be strictly construed.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  Moreover, the limitations period serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually," *see id.* at 481, and it is in the interest of efficiency and fairness to observe a bright-line rule that does not bog down the processing of social security cases for individual evaluations of how and why a complaint was filed late.

It is, therefore **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.  This case is **DISMISSED** as having been untimely filed.

Dated:  December 14, 2009

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court